UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nicholas M. Noli,<br><br>    Plaintiff<br><br>v.<br><br>Calvin Johnson, et al.,<br><br>    Defendants | Case No.: 2:21-cv-00650-JAD-NJK<br><br>**Order Granting Application to Proceed in Forma Pauperis and Dismissing and Closing Case**<br><br>[ECF No. 1] |

Plaintiff Nicholas M. Noli brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights were violated when medical and prison staff delayed surgically repairing his umbilical hernia during his incarceration at High Desert State Prison.[1] On October 22, 2021, this court dismissed plaintiff's claims with leave to amend by November 25, 2021.[2] The court warned plaintiff that this case would be dismissed and closed if he failed to file an amended complaint by that deadline.[3] Plaintiff neither filed an amended complaint by that deadline nor moved for an extension of time to do so.

**Discussion**

The law permits a district court to dismiss an action based on a party's failure to comply with a court order.[4] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

---

[1] ECF No. 1-1.
[2] ECF No. 3.
[3] *Id.* at 12.
[4] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

      The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

      The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[7] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[8] Because this action cannot proceed until and unless plaintiff files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders finite resources along the away. The circumstances here do not indicate that this case will be an exception: there is no hint that Noli needs additional time nor evidence

---

[5] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[8] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

that he did not receive the screening order.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

## Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** for failure to file an amended complaint by the court-ordered deadline, leaving no claims pending.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  **No other documents may be filed in this now-closed case.**

IT IS FURTHER ORDERED that Noli's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**.  This status doesn't relieve plaintiff of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments.  And the full $350 filing fee remains due and owing even though this case is being dismissed.

To ensure that the plaintiff pays that fee, IT IS FURTHER ORDERED that under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections must forward from the account of **Nicholas M. Noli, #78945** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk is directed to SEND a copy of this order (1) to the Finance Division of the Clerk's Office and (2) to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

Dated: December 9, 2021

_____
U.S. District Judge Jennifer A. Dorsey